COOK v. BADT et al.

(Supreme Court, Appellate Term. March 10, 1910.)

APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
    In a case wherein plaintiff's testimony was contradicted on material points by different witnesses, error in permitting plaintiff to produce testimony of defendant's alleged attempt to compromise the claim sued on is prejudicial, notwithstanding thereafter defendant gave some testimony

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the same subject to meet the unfavorable inferences necessarily produced by the incompetent testimony, as it is apparent that the error is not merely technical, but material.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Lehra Cook against Simon Badt and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Cahn, Nordlinger & Landauer (Sidney Nordlinger, of counsel), for appellants.

Meisel & Bolles (Albert M. Meisel, of counsel), for respondent.

LEHMAN, J. The plaintiff at the trial produced testimony of an alleged attempt by defendant to compromise the claim upon which plaintiff is suing. Her attorneys concede that this constitutes error, but claim that it was not prejudicial, because the defendant thereafter gave some testimony on the same subject. The defendant's testimony was, however, intended solely to meet the unfavorable inference necessarily produced by the incompetent testimony, and in no way cured the error. Plaintiff's testimony is contradicted on material points by different witnesses, and it is apparent from the record that the error is not merely technical, but material.

The plaintiff's testimony as to damages is also insufficient to sustain a judgment for the sum of $150. Conceding that the defendants are liable in this action for all damages to plaintiff's property caused by the leak in the radiator, I am unable to find any competent proof of damage which, considered in its most favorable light, would entitle the plaintiff to a judgment for more than $120.

Judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.